

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2009

# Saleem v. Roy Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Saleem v. Roy Hendricks" (2009). *2009 Decisions.* Paper 2020.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2020

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4695
_____

ABDUL WALI SALEEM
a/k/a MARK ANTHONY,
                    Appellants

v.

ROY L. HENDRICKS; PETER C. HARVEY,
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-00928)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2009

Before: CHAGARES and HARDIMAN, *Circuit Judges* and ELLIS,[*] *District Judge*

Filed: January 16, 2009
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Thomas Selby Ellis, III, Senior District Judge for the United States
District Court for the Eastern District of Virginia, sitting by designation.

HARDIMAN, *Circuit Judge*.

Abdul Wali Saleem appeals the denial of his writ of habeas corpus as untimely. We will affirm.

I.

As we write exclusively for the parties, who are familiar with the procedural context and factual history of the case, we recount only those facts necessary to our decision.

A New Jersey jury convicted Saleem of first-degree murder and related weapons charges. Saleem unsuccessfully appealed his conviction to the Appellate Division of the Superior Court, and the Supreme Court of New Jersey denied his petition for certification on May 12, 1992. Three days later, Saleem petitioned for post-conviction relief pursuant to New Jersey Court Rule 3:22-2. After a hearing before a different Superior Court judge than the one who presided over his trial, Saleem's post-conviction petition was denied. The Appellate Division affirmed the decision of the Superior Court, and the New Jersey Supreme Court denied his petition for certification on September 16, 1997.

On November 12, 1997, Saleem filed his first petition for a writ of habeas corpus in the United States District Court for the District of New Jersey, raising four grounds for relief. Finding Saleem's petition mixed under *Rose v. Lundy*, 455 U.S. 509 (1982), the District Court dismissed it without prejudice on August 10, 1998, so that Saleem could bring his unexhausted claims in state court. The State concedes that because of a problem

2

with the prison mail system, Saleem did not receive a copy of the District Court's order until July 7, 1999.

The record indicates that Saleem waited until March 12, 2001 to file his post-conviction petition and then filed an additional petition on August 16, 2001. The Superior Court denied relief on September 6, 2001. On appeal, the Appellate Division found that Saleem's post-conviction petition was time-barred and that the issues raised therein should have been raised on direct appeal. The New Jersey Supreme Court denied Saleem's petition for certification on November 18, 2003.

On February 23, 2004, Saleem returned to federal court to file the habeas petition at issue in this case. Recognizing that his petition was untimely, Saleem sought equitable tolling, but the District Court denied Saleem's motion and dismissed his habeas petition.

II.

We have jurisdiction to review the denial of a writ of habeas corpus as untimely pursuant to 28 U.S.C. §§ 1291 and 2253, and our review is plenary. *See McAleese v. Brennan,* 483 F.3d 206, 212 (3d Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a petition for writ of habeas corpus challenging a state court action. 28 U.S.C. § 2244. Relevant to this appeal, the one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28

3

U.S.C. § 2244(d)(1)(A). However, the limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). As a result, Saleem's one-year period did not start running until the New Jersey Supreme Court denied his petition for certification on his post-conviction relief claim on September 16, 1997.

In addition to statutory tolling, the statute of limitations is also subject to equitable tolling. *See Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Such tolling is appropriate "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). We look to see whether the party "has in some extraordinary way been prevented from asserting his or her rights." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). One such potentially extraordinary situation is where a court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). For instance, we have held that where a petitioner's first petition was dismissed because the District Court erroneously believed he could return to exhaust his claims in state court, the petitioner is entitled to equitable tolling. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Nevertheless, to invoke equitable tolling, a petitioner must show that he exercised reasonable diligence in investigating and bringing his claims. *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997). "This obligation does not

4

pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). "Mere excusable neglect is not sufficient." *Miller*, 145 F.3d at 619 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Saleem waited almost two years from the date on which he learned that his first petition was dismissed without prejudice (July 7, 1999) to file for post-conviction relief in state court (March 12, 2001). This lapse of time did not constitute reasonable diligence. *Cf. Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003) (rejecting equitable tolling for lack of diligence where petitioner waited two years to file habeas petition after state relief was no longer viable). Though Saleem claims he filed a *pro se* post-conviction petition in October 1999, there is nothing in the record to support that assertion.[1] The burden lies on the petitioner to prove that he has been reasonably diligent in pursuing his petition, *see Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008), and Saleem has presented no evidence that would indicate that he was reasonably diligent because unsupported allegations do not constitute sufficient evidence. *See Morse v.*

---

[1] Saleem's appellate brief does not allege that he filed a petition in October 1999. Rather, the State's brief alludes to such a filing and the District Court's opinion below discussed the factual dispute regarding the October 1999 petition. To its credit, the State acknowledges Saleem's contention at the District Court that he filed a *pro se* post-conviction petition on October 1, 1999. No documents relating to this alleged filing are in the record and none were found by the State. However, there is a letter, dated July 17, 2000, from the Office of the Public Defender to the New Jersey state court that indicates that Saleem filed a *pro se* petition on an unspecified date. The State correctly argues that this record is insufficient to show that Saleem actually filed a petition in 1999.

5

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, after his final request for post-conviction relief was rejected by the New Jersey Supreme Court, Saleem waited over two months to return to the District Court with his second habeas petition.

Saleem argues at length that his first habeas petition was dismissed in error. Even assuming, *arguendo*, that Saleem is correct, it is immaterial to the question of whether he exercised reasonable diligence in bringing both his state post-conviction petition and this habeas petition. Because Saleem did not pursue his claim with reasonable diligence, the District Court did not err in denying his request for equitable tolling. Accordingly, we will affirm the District Court's dismissal of Saleem's petition as untimely.